417 F.2d 612
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
CEDAR HILLS THEATRES, INC.; Fenton Theatres, Inc.; M & E Land Company, Inc.; Pine Drive-In Theatres, Inc.; and Free-Lance Film Company, Inc., Respondents.
 No. 27221.
 United States Court of Appeals Fifth Circuit.
 October 30, 1969.
 
 Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Harold A. Boire, Director, N. L. R. B., Tampa, Fla., William H. Carder, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Glen M. Bendixsen, Atty., N. L. R. B., for petitioner.
 David A. Bartholf, Hamilton & Bowden, Jacksonville, Fla., for respondents.
 Before TUTTLE, WISDOM and BELL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a petition by the Board for enforcement of its order against respondents, requiring them to bargain, notwithstanding a failure of a majority of the several bargaining units (3-3 vote) to favor the union, I.A.T.S.E.
 
 
 2
 The law of cases of this type has been clarified by the recent Supreme Court decision in N. L. R. B. v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed. 2d 547 (1969).
 
 
 3
 Here there is ample evidence to support the findings of the Board that the extensive coercive actions by the respondent following receipt of a claim that the union represented a majority of the employees, and before the election constituted 8(a) (1) violations; that the seven operators, although in different towns, formed a proper bargaining unit, and that a fair election had been rendered impossible by the respondents' conduct. This is all that was required. See the decision of this court in N. L. R. B. v. American Cable Systems, Inc., 5 Cir., 1969, 414 F.2d 661, where, applying the principles announced in Gissel, supra, we said:
 
 
 4
 "Under the Gissel holding a bargaining order may issue where: (a) the union had valid authorization cards from a majority of the employees in an appropriate bargaining unit; (b) the employer's unfair labor practices, although not `outrageous' and `pervasive' enough to justify a bargaining order in the absence of a card majority, were still serious and extensive; (c) `the possibility of erasing the effects of past practices and of ensuring a fair election (or a fair rerun) by the use of traditional remedies, though present, is slight'; and (d) employee sentiment can best be protected in the particular case by a bargaining order."
 
 This court further said:
 
 5
 "Even if we were to give technical effect to the withdrawals, it is clear that the Union represented a majority prior to Respondent's unfair labor practices. In these circumstances, in order not to permit Respondent to benefit from its unlawful conduct, and because a fair election has been rendered impossible, we would deem a bargaining order under Section 8(a) (1), appropriate."
 
 
 6
 The Order will be enforced.